## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THE ESTATE OF IMOGENE RIDENOUR,**
**By Executrix Billi Jo Volek,**

**And**

**BILLI JO VOLEK,**

      **Plaintiffs,**

**v.**                                              **Case No. 1:20-CV-00202-IMK**

**G. RUSSELL ROLLYSON, JR.,**
**Deputy Commissioner of Delinquent and**
**Nonentered Lands of the Marion County, WV,**
**In his official and personal capacities,**

**And**

**WONDERFULLY WILD, LLC,**

      **Defendants.**

### ANSWER AND COUNTERCLAIM

      Now comes, Defendant, Wonderfully Wild, LLC, by and through undersigned counsel and answers the complaint filed in this matter as follows:

### Preliminary Statement

      Because of the nature of the allegations in the Plaintiffs' Complaint and the fact that no discovery has taken place in this matter to date, in order to preserve important legal rights and protections, the Defendant sets forth below certain affirmative defenses which, upon the information contained in the Complaint, they believe may apply to some or all of the claims raised therein. Further, the Defendant reserves the right to withdraw, modify, or supplement some or all of the affirmative defenses consistent with the discovery undertaken in this action.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Therefore, the Defendant moves this Court to dismiss the claims against the Defendant asserted in the Complaint.

### Second Affirmative Defense

All the damages of which the Plaintiffs complain were not the proximate result of any acts or omissions on the part of the Defendant.

### Third Affirmative Defense

Plaintiffs have failed to mitigate their damages, if any. Alternatively, if the Plaintiffs have mitigated their damages, then this Defendant is entitled to have those mitigated damages credited to those amounts, if any, owed by the Defendant to Plaintiffs.

### Fourth Affirmative Defense

This Defendant affirmatively asserts the defenses of assumption of risk, estoppel, release, contributory and comparative negligence, laches, and waiver.

### Fifth Affirmative Defense

Some or all of this action is barred in whole or in part by the unclean hands doctrine.

### Sixth Affirmative Defense

The Defendant hereby raises and preserves each and every defense set forth in Rules 8, 9,

and 12 of the Federal Rules of Civil Procedure, and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

### Seventh Affirmative Defense

The Defendant reserves the right to file additional affirmative defenses, counterclaims, and/or third-party claims if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

### Eighth Affirmative Defense

At all times pertinent to this civil action, the Defendant fulfilled all duties, if any, owed to the Plaintiffs pursuant to the West Virginia Constitution, the United States Constitution, statutes or common law.

### Ninth Affirmative Defense

At all times pertinent to this civil action, the Defendant acted in good faith and in performance of their duties.

### Tenth Affirmative Defense

The Defendant did not breach any duty owed to the Plaintiffs in regard to the allegations contained in the Complaint.

### Eleventh Affirmative Defense

The damages, if any, claimed by the Plaintiff were proximately caused or contributed to by

actions or decision of persons and/or entities other than this Defendant, including, but not

limited to, the Plaintiffs.

### Twelfth Affirmative Defense

This Defendant reserves the right to join additional parties who are currently not named

as a party to this civil action if the joinder of additional parties is found to be warranted

following the completion of initial discovery.

### Thirteenth Affirmative Defense

The Defendant reserves the right to file any additional Counterclaims against the Plaintiff

if such Counterclaims are found to be warranted following the completion of initial discovery.

### Fourteenth Affirmative Defense

In order to avoid waiver of this defense, the Defendant asserts that the service of process

upon the Defendant was insufficient. Therefore, the Defendant moves this Court to dismiss this

civil action on the basis of insufficiency of service of process.

### Fifteenth Affirmative Defense

These Defendants deny that any of their acts or admissions proximately caused or

contributed to any injury or damage claimed by the Plaintiffs.

<u>Sixteenth Affirmative Defense</u>

In regard to the allegations of the Complaint, this Defendant state as follows:

1. The Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. The Defendant admits that the Court has jurisdiction over Plaintiffs' claims.

3. The Defendants admits that Paragraph 3 is an accurate statement of law.

4. The Defendants admit that the real estate at issue is located in Marion County, West Virginia and that Marion County is located within the geographical boundaries of this district.

5. The Defendant admits that the records of the Marion County Commission indicate that Imogene Ridenour is the titled owner of said real estate.

6. The Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. The Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. The Defendant admits the allegations contained in Paragraph 8 of the Complaint. The estate has been opened since April of 2017, but Defendant is without knowledge as to why said estate has now been opened for more than three (3) years.

9. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, but to the extent an answer is required, said allegations are denied.

10. The Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. The Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. The Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. The Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. The Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. The Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. The Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. The Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. The Defendant is without sufficient knowledge to enable them to form a belief as to the truth of the matters asserted in Paragraph 18 of the Complaint.

19. The Defendant is without sufficient knowledge to enable them to form a belief as to the truth of the matters asserted in Paragraph 19 of the Complaint.

20. The Defendant is without sufficient knowledge to enable them to form a belief as to the truth of the matters asserted in Paragraph 20 of the Complaint.

21. The Defendants are without sufficient knowledge to enable them to form a belief as to the truth of the matters asserted in Paragraph 21 of the Complaint, but to the extent an answer is required, said allegations are denied.

22. The Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. The Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. The Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. The Defendants are without sufficient knowledge to enable them to form a belief as to the truth of the matters asserted in Paragraph 25 of the Complaint, as such allegations contain a legal statement., but to the extent that an answer is required, said allegation are denied.

26. The Defendants are without sufficient knowledge to enable them to form a belief as to the truth of the matters asserted in Paragraph 26 of the Complaint, as such allegations contain a legal statement., but to the extent that an answer is required, said allegation are denied.

27. The Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. The Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. The Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. The Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. The Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. The Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. The Defendant denies the allegations contained in Paragraph 33 of the Complaint. Defendant Rollyson provided proper service of notice to Billi Jo Volek, who was both the executrix of the Estate of Imogene Ridenour, as well as the sole heir of the real property. Both Defendants are possessed of evidence showing that Plaintiffs were served.

34. The Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. The Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. The Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. The Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. The Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. The Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. The Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41. The Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. The Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. The Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. The Defendants are without sufficient knowledge to enable them to form a belief as to the truth of the matters asserted in Paragraph 44 of the Complaint, but to the extent that an answer is required, said allegation are denied.

45. The Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. The Defendant denies the allegations contained in Paragraph 46 of the Complaint. Defendant never demanded that it be paid, but did contact Plaintiff in an effort to negotiate the

sale of the property, to which the Plaintiff, or some agent thereof, agreed.

47. The Defendant denies the allegations contained in Paragraph 47 of the Complaint. Plaintiffs have never suffered any injury in this matter as they continue to reside on the real property now owned by Defendant.

48. The Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. The Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. The Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. The Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. The Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. The Defendant denies the allegations contained in Paragraph 53 of the Complaint. Plaintiffs were notified and any argument that Plaintiff was not properly served because the word "occupant" was not listed on the form should be set aside as it was a harmless error.

54. The Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. The Defendants are without sufficient knowledge to enable them to form a belief as to the truth of the matters asserted in Paragraph 55 of the Complaint, but to the extent that an answer is required, said allegation are denied.

56. The Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. The Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. The Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. The Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. The Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. The Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. The Defendant denies the allegations contained in Paragraph 62 of the Complaint.

## **Counterclaim**

1. Now comes Defendant and Counterclaimant, Wonderfully Wild, LLC, and hereby provides the following counterclaim against Plaintiffs for deprivation of real property and as grounds therefore, states as follows:

2. Wonderfully Wild, LLC became the owner of the subject real estate on or about April 1, 2020.

3. Wonderfully Wild, LLC provided a correspondence to Plaintiffs permitting them the opportunity to purchase the real estate so that they would not have to relocate.

4. Plaintiffs and their agents continued to procrastinate and failed to return letters and phone calls in a timely fashion.

5. Wonderfully Wild, LLC has been deprives of its real property for almost five (5) months, while Plaintiffs continue to reside there despite having no legal right to be there.

WHEREFORE, Defendant Wonderfully Wild, LLC, moves to dismiss this matter with prejudice, Order the Plaintiffs to vacate the real property and award the Defendant any relief this Court deems just and proper. In the alternative, Defendant moves this Court for a jury trial in this matter.

WONDERFULLY WILD, LLC
BY COUNSEL:

 /s/ John R. Funkhouser
John R. Funkhouser (W.V. Bar 11671)
FUNKHOUSER & SMITH, PLLC
103 Adams Street, Suite 200
Fairmont, West Virginia 26554
Office: (681) 758-4058
John@FunkhouserandSmith.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2020, I served the foregoing **"Answer and Counterclaim"** upon the Plaintiff by Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants and via U.S. Mail, postage prepaid, to the following counsel of record:

Gary M. Smith
Mountain State Justice, Inc.
325 Willey Street
Morgantown, WV 26505
*Counsel for Plaintiff*


    /s/ John R. Funkhouser
John R. Funkhouser (W.V. Bar 11671)
FUNKHOUSER & SMITH, PLLC
103 Adams Street, Suite 200
Fairmont, West Virginia 26554
Office: (681) 758-4058
Fax: (681) 758-4057
John@FunkhouserandSmith.com