## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRTICT OF WEST VIRGINIA

THE ESTATE OF IMOGENE RIDENOUR,                    Civil Case No. 1:20-cv-202
by executrix Billi Jo Volek,

and

BILLI JO VOLEK,

      Plaintiffs,

v.

G. RUSSELL ROLLYSON, JR.,
Deputy Commissioner of Delinquent and
Nonentered Lands of Marion County, WV,
in his official and personal capacities,

      Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. This amended complaint is filed in compliance with the Court's ORDER of October 29, 2020.

2. This is an action for damages, and for declaratory and injunctive relief, to remedy the

defendant's unconstitutional taking by issuance of a void tax deed of a home owned by the

plaintiffs, in violation of due process and state law.

## JURISDICTION

3. This Court has jurisdiction over plaintiffs' 42 U.S.C. § 1983 claim pursuant to 28 U.S.C.

§ 1331 and 28 U.S.C. § 1343 (3).

4. 28 U.S.C. § 1367 provides the Court jurisdiction over the plaintiffs' state law claim.

5. Venue is proper in this Court since some of the actions complained of occurred, and the real estate at issue is located, in Marion County, West Virginia, which is within the geographical boundaries of this district.

## PARTIES

6. During her life, Imogene Ridenour was the titled owner and resident of real property described generally as 33.40 AC Mill Fall Run in Fairmont District, Tax Map 56, Parcel 4, Marion County, West Virginia.

7. Imogene Ridenour died testate on January 3, 2017.

8. Ridenour's last will and testament was duly submitted for administration to the Marion County Commission, which appointed plaintiff Billi Jo Volek executrix of plaintiff the Estate of Imogene Ridenour (the Estate) on April 4, 2017.

9. The Estate remains open before the Marion County Commission, no final orders or conveyances of property real or personal having been issued from the Estate to the heirs of Imogene Ridenour.

10. Plaintiff Billi Jo Volek, a grand-niece of Imogene Ridenour, has at all times relevant occupied the real property at issue as her personal residence.

11. Under Imogene Ridenour's last will and testament, Billi Jo Volek was designated Ridenour's sole heir to all property of which Ridenour died seised or possessed, including the real property at issue herein.

12. Defendant G. Russell Rollyson, Jr. is the Deputy Commissioner for Delinquent and Nonentered Lands of Marion County, WV.

13. The State Auditor of West Virginia, an officer of the executive branch of the state government, has delegated to Rollyson power to transfer ownership and convey title to lands

certified for delinquent real estate taxes from the titled and equitable owners thereof to those who have purchased and hold unredeemed tax liens on that real estate, in circumstances when that power may lawfully be exercised.

14. Rollyson is the official charged with exercising and possessing final decision-making state governmental authority to determine when and whether a tax deed may issue under the Constitution and state law to one lawfully holding an unredeemed tax lien on the property, and to issue such tax deeds when doing so is a lawful exercise of state executive power.

15. Rollyson is also the official who personally signs and issues tax deeds exercising state governmental authority to take and convey away the record title holder's ownership interest and rights in tax delinquent real estate to persons or entities lawfully holding unredeemed tax liens on that property.

16. Rollyson is sued in his personal and official capacities.

## FACTS

17. Imogene Ridenour held unencumbered fee simple title as the record owner of the real estate described generally as 33.40 AC Mill Fall Run in Fairmont District, Tax Map 56, Parcel 4, Marion County, West Virginia under a deed conveyance to her on September 29, 2014 by Jeffrey Taylor, Special Commissioner, as recorded with the Marion County Clerk at Deed Book 1160, Page 631.

18. The September 29, 2014 Commissioner's deed granting title to this real property to Imogene Ridenour was issued pursuant to judicial order in litigation invalidating and voiding a prior recorded deed by which Debra Ford and Harry King wrongfully obtained title to the property from Imogene Ridenour.

19. According to the records of the Marion County Clerk, no deed or other conveyance was recorded at any time thereafter alienating or transferring titled ownership of that real estate from Imogene Ridenour prior to April 1, 2020.

20. At all relevant times, the real estate at issue has been properly taxed as Class II residential property.

21. Before a tax lien for delinquent real estate taxes may be sold by the county sheriff, W. Va. Code §11a-3-2(b) requires that the sheriff serve written notice of the delinquency and the date of proposed sale to the last known address of each person listed in the land books whose taxes are delinquent.

22. The Sheriff of Marion County, West Virginia undertook to sell the relevant tax lien on the real property at issue in November 2018.

23. Imogene Ridenour was the person listed in the tax records as having responsibility to pay the taxes on that property.

24. However, on information and belief, the Sheriff incorrectly sent certified mail notice of the proposed sale of that tax lien to Debra Ford.

25. No notice of the proposed sale of that tax lien was sent to the Estate of Imogene Ridenour or to its executrix, although public records and previous public notices provided notice of Ridenour's death, the filing of the estate, and the address of that Estate and its executrix.

26. The Sheriff nonetheless continued with and conducted the proposed sale on November 24, 2018.

27. A corporate entity, Wonderfully Wild LLC, purchased the tax lien on the property at issue from the Sheriff of Marion County at that defective sale.

28.  Thereafter, in October 2019, Wonderfully Wild LLC applied to defendant Rollyson for issuance of a tax deed to the plaintiffs' real estate.

29. As part of that application, Wonderfully Wild was required to provide Rollyson with an accurate and comprehensive listing of all entitled to be served notice of the right to redeem that property, a condition precedent to Rollyson's power to grant any tax deed.

30. Moreover, since the real property at issue is classified as Class II residential property, Wonderfully Wild LLC was required to provide the physical mailing address of the property and to request notice of the right to redeem be served also upon the "Occupant" of that property.

31. Both plaintiff the Estate of Imogene Ridenour and plaintiff Billi Jo Volek were entitled to proper service of notice of the right to redeem from Rollyson under state law, and under the Constitution to adequate due process notice from Rollyson of the right to redeem, before Rollyson lawfully could grant a valid tax deed for the property to Wonderfully Wild LLC.

32. Wonderfully Wild LLC never requested that notice of the right to redeem be provided to plaintiff the Estate of Imogene Ridenour, nor did Rollyson ever serve notice of the right to redeem upon the Estate.

33. Further, Wonderfully Wild LLC never requested, and Rollyson never served, notice of the right to redeem upon the "Occupant" of the property as required by state law.

34. Moreover, notice of the right to redeem was not served on plaintiff Billi Jo Volek as required by state law, and/or notice provided her as required by due process, plaintiff Volek expressly denying ever signing for or receiving certified mail notice thereof.

35. Although Rollyson knew or should have known of his failure to provide proper notice of the right to redeem to plaintiffs under state law and the requirements of due process, or being reckless in that regard, on April 1, 2020 Rollyson nonetheless falsely certified that he had

"caused the notice to redeem to be served on all persons entitled by law to be served on all persons required by law to be served therewith (sic)".

36. At that time, Rollyson, acting under color of state law, knew or should have known issuance of a tax deed by him and his office could not purport to deprive plaintiffs of any ownership interests in the real estate at issue without violating state law and the plaintiffs' constitutional right to due process of law.

37. Regardless, on April 1, 2020, Rollyson wrongly, unlawfully, and unconstitutionally signed and granted to Wonderfully Wild LLC a tax deed purporting to take away plaintiffs' ownership rights and interests in the real estate at issue under color of state law, and wrongly and illegally to transfer and convey legal ownership of plaintiffs' real estate to Wonderfully Wild LLC.

38. Rollyson's issuance of that tax deed on April 1, 2020 was wrongful, unlawful *ultra vires*, and in violation of state law and due process for other reasons.

39. Previously, West Virginia Governor Jim Justice had declared a state of emergency due to the COVID pandemic, as to which Marion County and its residents were identified as especially threatened.

40. On March 24, 2020 Governor Justice issued an executive "stay at home" order directing West Virginians not to leave their homes and limiting the ability of any West Virginia to travel or move outside their home for any reason. This order immeasurably burdened or precluded efforts of property owners to redeem real property before the March 31, 2020 deadline specified in the notices to redeem Rollyson prepared for the real property at issue.

41. These limitations and burdens and the state of emergency under color of state law restricted and deprived persons entitled to redeem their real estate of a full and fair and meaningful

opportunity to redeem their real estate before the deadline, in violation of state law and due process.

42. Significantly, by Executive Order 19-20, Governor Justice also extended to April 15, 2020 the deadline for redemption of real estate from pending applications for tax deeds.

43. That Executive Order as a matter of law denied to Rollyson the executive authority or power to issue on April 1, 2020 a valid and enforceable tax deed depriving plaintiff of ownership and interests in the real property at issue, and of power or authority to transfer and convey good title to Wonderfully Wild LLC.

44. Rollyson nonetheless wrongly and without authority issued a tax deed to Wonderfully Wild LLC on April 1, 2020 which falsely, unlawfully, and unconstitutionally purported to deprive the plaintiffs of their constitutionally protected ownership interest in the real estate at issue.

45. As a result of the foregoing acts and failures to act, plaintiffs have suffered cognizable injury, including deprivation of constitutional rights, deprivation of title to unique real estate, and consequential damages.

## FIRST CLAIM FOR RELIEF

46. The acts and failures to act described above, as undertaken by defendant under color of state law, not in good faith but intentionally and/or recklessly, deprived plaintiffs of rights, liberties, and immunities guaranteed them by the Constitution and laws, including their right not to be deprived of their property without due process of law, in violation of 42 U.S.C. § 1983.

47. Plaintiffs are therefore entitled to recover actual damages, costs, and a reasonable attorney fee in accord with 42 U.S.C. § 1988.

48. Moreover, plaintiffs are entitled to recover punitive damages from defendant Rollyson in his individual capacity.

49. Plaintiffs also seek declaratory and injunctive relief against defendant in his official capacity declaring the illegal and unconstitutional tax deed of April 1, 2020 to have been void at the time of its issuance, as well as all other relief to which they may be entitled in law or equity.

## SECOND CLAIM FOR RELIEF

50. Statutorily, plaintiffs were entitled to notice of the right to redeem the home and to full compliance with the specific protections of the statutory procedures which constituted a mandatory condition precedent to Rollyson's authority to issue a tax deed to Wonderfully Wild LLC.

51.  Defendant Rollyson willfully or knowingly or recklessly failed or refused to comply with those statutory requirements, but nonetheless unlawfully signed and issued a tax deed depriving plaintiff of their property.

52. Moreover, Executive Order 19-20 deprived Rollyson of legal authority and power to grant or convey to Wonderfully Wild LLC any valid interest in plaintiffs' real estate by a tax deed signed on April 1, 2020.

53. Consequently, the tax deed under which Wonderfully Wild LLC claimed title to or any interest in plaintiffs' property after April 1, 2020 was at all times invalid, unlawful, and *void ab initio*.

54. Plaintiffs suffered cognizable injury as a result of defendant Rollyson's acts, and are entitled to recover actual damages, costs, and a reasonable attorney fee from him in his individual capacity.

55. Plaintiffs are entitled to recover actual damages, costs, and a reasonable attorney fee from him in his official capacity, but not from any state funds, and only to the extent of coverage

under any state insurance policy which waived the state's sovereign immunity as to recoveries from those funds.

56. Moreover, plaintiffs are entitled to all other relief compensatory or punitive to which they may be entitled in law or equity.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

**The Estate of Imogene Ridenour
Billi Jo Volek, Plaintiffs,
By Counsel**

_/s/ Gary M. Smith_____
Gary M. Smith (WV Bar # 12602)
MOUNTAIN STATE JUSTICE
325 Willey St.
Morgantown WV 25606
T: (304) 326-0188
F: (304) 326-0189
gary @msjlaw.org
Counsel for Plaintiffs