IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THE ESTATE OF IMOGENE RIDENOUR**
**by executrix Billi Jo Volek and**
**BILLI JOE VOLEK,**

            **Plaintiffs,**

v.                                                 **Civil Action No. 1:20-CV-202**
                                                   **Honorable Judge Keeley**
**G. RUSSELL ROLLYSON, JR.,**
**Deputy Commissioner of Delinquent**
**and Nonentered Lands of Marion County, WV,**
**in his official and personal capacities,**

            **Defendant.**

## DEFENDANT G. RUSSELL ROLLYSON, JR.'S
## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW** Defendant G. Russell Rollyson, Jr., in his official and individual

capacities (hereinafter referred to as "Defendant"), by his undersigned counsel, David P.

Cook, Jr., and the law firm of MacCorkle Lavender PLLC, and in answer to the Plaintiffs'

First Amended Complaint states as follows:

### FIRST DEFENSE

The Plaintiffs' First Amended Complaint fails to state a claim upon which relief can

be granted and, accordingly, should be dismissed, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.

### SECOND DEFENSE

1.      The allegations contained in Paragraph 1 of the Plaintiffs' First Amended

Complaint require no response from this Defendant.

2.      The allegations contained in Paragraph 2 of the Plaintiffs' First Amended

Complaint represent the legal conclusions of the Plaintiffs' attorney and require no

response from this Defendant. To the extent that a response is necessary, the Defendant denies the same and demands strict proof thereof.

3.    The allegations contained in Paragraph 3 of the Plaintiffs' First Amended Complaint represent the legal conclusions of the Plaintiffs' attorney and require no response from this Defendant. To the extent that a response is necessary, the Defendant denies the same and demands strict proof thereof.

4.    The allegations contained in Paragraph 4 of the Plaintiffs' First Amended Complaint represent the legal conclusions of the Plaintiffs' attorney and require no response from this Defendant. To the extent that a response is necessary, the Defendant denies the same and demands strict proof thereof.

5.    The allegations contained in Paragraph 5 of the Plaintiffs' First Amended Complaint represent the legal conclusions of the Plaintiffs' attorney and require no response from this Defendant. To the extent that a response is necessary, the Defendant denies the same and demands strict proof thereof.

6.    This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

7.    Upon information and belief, this Defendant admits the allegations contained in Paragraph 7 of the Plaintiffs' First Amended Complaint.

8.    This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

9.      This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

10.      This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

11.      This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

12.      This Defendant admits that he is the Deputy Commissioner for Delinquent and Nonentered Lands of Marion County, West Virginia.

13.      This Defendant states that he performs his duties consistent with the mandate set forth in West Virginia Code §11A-3-1, et seq.

14.      This Defendant states that he performs his duties consistent with the mandate set forth in West Virginia Code §11A-3-1, et seq.

15.      This Defendant states that he performs his duties consistent with the mandate set forth in West Virginia Code §11A-3-1, et seq.

16.      This Defendant denies any wrongdoing in any capacity and therefore denies that the Plaintiffs have any grounds to sue him in his "personal and official capacities."

17.      This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

18.    The deed referenced in Paragraph 18 of the Plaintiffs' First Amended Complaint speaks for itself. This Defendant incorporates by reference the entirety of that document into this response.

19.    This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

20.    This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

21.    West Virginia Code §11a-3-2(b) states that: "[i]n addition to such publication, no less than thirty days prior to the sale, the sheriff shall send a notice of the delinquency and the date of sale by certified mail: (1) To the last known address of each person listed in the land books whose taxes are delinquent; (2) to each person having a lien on real property upon which the taxes are due as disclosed by a statement filed with the sheriff pursuant to the provisions of section three of this article; (3) to each other person with an interest in the property or with a fiduciary relationship to a person with an interest in the property who has in writing delivered to the sheriff on a form prescribed by the Tax Commissioner a request for such notice of delinquency; and (4) in the case of property which includes a mineral interest but does not include an interest in the surface other than an interest for the purpose of developing the minerals, to each person who has in writing delivered to the sheriff, on a form prescribed by the Tax Commissioner, a request for such notice which identifies the person as an owner of an interest in the surface of real property that is included in the boundaries of such property: Provided, That

in a case where one owner owns more than one parcel of real property upon which taxes are delinquent, the sheriff may, at his or her option, mail separate notices to the owner and each lienholder for each parcel or may prepare and mail to the owner and each lienholder a single notice which pertains to all such delinquent parcels. If the sheriff elects to mail only one notice, that notice shall set forth a legally sufficient description of all parcels of property on which taxes are delinquent. In no event shall failure to receive the mailed notice by the landowner or lienholder affect the validity of the title of the property conveyed if it is conveyed pursuant to section twenty-seven or fifty-nine of this article."

22.     Upon information and belief, this Defendant admits the allegations contained in Paragraph 22 of the Plaintiffs' First Amended Complaint.

23.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

24.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

25.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

26.     Upon information and belief, the Defendant admits that the Sheriff conducted the proposed sale on November 24, 2018.

27.     Upon information and belief, the Defendant admits that Wonderfully Wild LLC purchased the tax lien on the subject property from the Sheriff of Marion County.

This Defendant is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 27 of the Plaintiffs' First Amended Complaint and therefore denies the same and demands strict proof thereof.

28.     The Defendant admits that in October 2019 Wonderfully Wild LLC applied to this Defendant in his official capacity as Deputy Commissioner for Delinquent and Nonentered Lands of Marion County, West Virginia for issuance of a tax deed to the subject real estate.

29.     The Defendant admits that pursuant to West Virginia Code §11A-3-19(a)(1) that Wonderfully Wild LLC, in order to secure a deed for the real estate subject to the tax lien or liens purchased shall prepare a list of those to be served with notice to redeem and request the State Auditor to prepare and serve the notice as provided in §11A-3-21 and §11A-3-22 of the West Virginia Code.

30.     The Defendant admits that pursuant to West Virginia Code §11A-3-19(a)(2) that when the real property subject to the tax lien is classified as Class II property, Wonderfully Wild LLC was required to provide the State Auditor with the physical mailing address of the property that is subject to the tax lien or liens purchased and with a list of names and addresses that, when applicable, should include "Occupant" as a named entity to receive notice.

31.     This Defendant states that West Virginia Code §11A-3-22 obligates the Auditor to serve notice upon all persons named on the list generated by the purchaser pursuant to West Virginia Code §11A-3-19. This duty is not imposed until a tax purchaser complies with its duty under West Virginia Code §11A-3-19 to provide the State Auditor

with a list of names and addresses that, when applicable, should include "Occupant" as a named entity to receive notice.

32.    This Defendant admits that Wonderfully Wild LLC directed to whom and where the notice to redeem should be served. This Defendant states that Billi Jo Volek was properly served with the notice of the right to redeem.

33.    This Defendant admits that Wonderfully Wild LLC directed to whom and where the notice to redeem should be served. This Defendant states that Billi Jo Volek was properly served with the notice of the right to redeem.

34.    This Defendant denies the allegations contained in Paragraph 34 of the Plaintiffs' First Amended Complaint.

35.    This Defendant denies the allegations contained in Paragraph 35 of the Plaintiffs' First Amended Complaint.

36.    This Defendant denies the allegations contained in Paragraph 36 of the Plaintiffs' First Amended Complaint.

37.    This Defendant denies the as stated allegations contained in Paragraph 37 of the Plaintiffs' First Amended Complaint.

38.    This Defendant denies the allegations contained in Paragraph 38 of the Plaintiffs' First Amended Complaint.

39.    The allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint are so vague the Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Plaintiffs' First Amended Complaint.

40.     Upon information and belief, the Defendant admits that on March 24, 2020, the West Virginia State Governor issued a "Stay at Home" Order, the conditions of which speak for itself. The Defendant is without information or knowledge sufficient to form a belief as to the remainder of the allegations contained in Paragraph 40 of the Plaintiffs' First Amended Complaint.

41.     The Defendant denies the allegations contained in Paragraph 41 of the Plaintiffs' First Amended Complaint.

42.     The Defendant admits that State of West Virginia Executive Department Order No. 19-20 states that the delinquent real estate tax redemption date of March 31, 2020, for those properties purchased for 2017 tax liens, may be redeemed on or before April 15, 2020.

43.     The Defendant denies that State of West Virginia Executive Department Order No. 19-20 denied him the right to sign the tax deed at issue in this litigation.

44.     The Defendant denies the allegations contained in Paragraph 44 of the Plaintiffs' First Amended Complaint.

45.     The Defendant denies the allegations contained in Paragraph 45 of the Plaintiffs' First Amended Complaint.

46.     The Defendant denies the allegations contained in Paragraph 46 of the Plaintiffs' First Amended Complaint.

47.     The Defendant denies the allegations contained in Paragraph 47 of the Plaintiffs' First Amended Complaint.

48.     The Defendant denies the allegations contained in Paragraph 48 of the Plaintiffs' First Amended Complaint.

49.     The Defendant denies the allegations contained in Paragraph 49 of the Plaintiffs' First Amended Complaint.

50.     The Defendant denies the allegations contained in Paragraph 50 of the Plaintiffs' First Amended Complaint.

51.     The Defendant denies the allegations contained in Paragraph 51 of the Plaintiffs' First Amended Complaint.

52.     The Defendant denies that State of West Virginia Executive Department Order No. 19-20 denied him the right to sign the tax deed at issue in this litigation.

53.     The Defendant denies that any act committed by him denied the Plaintiffs of their due process rights.

54.     The Defendant denies the allegations contained in Paragraph 54 of the Plaintiffs' First Amended Complaint.

55.     The Defendant denies the allegations contained in Paragraph 55 of the Plaintiffs' First Amended Complaint.

56.     The Defendant denies the allegations contained in Paragraph 56 of the Plaintiffs' First Amended Complaint.

## AFFIRMATIVE DEFENSES

## THIRD DEFENSE

The Defendant denies every allegation set forth in the Plaintiffs' First Amended Complaint not specifically and expressly admitted herein.

## FOURTH DEFENSE

In order to preserve the same, the Defendant asserts the affirmative defenses contained in Rule 8(c) of the Federal Rules of Civil Procedure and any other matter constituting an avoidance or affirmative defense.

## FIFTH DEFENSE

To preserve the same, the Defendant asserts the affirmative defenses set forth in Federal Rules of Civil Procedure, Rule 12(b) including lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, doctrine of laches, waiver, estoppel, and failure to comply with the applicable statute of limitations.

## SIXTH DEFENSE

Insofar as discovery establishes the same, the Defendant says that the injuries and damages about which the Plaintiffs complain were proximately caused or contributed to by their own act/omissions including their failure to mitigate damages, the acts of others for whose conduct this Defendant was not responsible, and/or supervening or intervening causes other than an act or omission on the part of the Defendant.

## SEVENTH DEFENSE

The Defendant reserves unto himself all defenses disclosed by discovery herein.

## EIGHTH DEFENSE

The Defendant reserves the right to file such claims, counterclaims, and third-party complaints and other pleadings as may be revealed to be appropriate through discovery or otherwise.

## NINTH DEFENSE

This Defendant is entitled to statutory and constitutional immunity as provided in the United States Constitution and the West Virginia Constitution. In addition, the Defendant affirmatively asserts qualified immunity and Eleventh Amendment immunity.

## TENTH DEFENSE

To the extent that Plaintiffs seek punitive damages, their Complaint violates this Defendant's rights to procedural due process and equal protection under the Firth and Fourteenth Amendments of the United States Constitution and under the Constitution of the State of West Virginia.

## ELEVENTH DEFENSE

To the extent that Plaintiffs seek punitive damages, their Complaint violates this Defendant's rights under the Eighth Amendment to the United States Constitution under Article III, Section 5 of the Constitution of the State of West Virginia, which prohibits the imposition of an excessive fine.

## TWELFTH DEFENSE

Claims for monetary damages against this Defendant in his official capacity cannot be maintained as he is not a "person" within the meaning of 42 U.S.C. § 1983.

## THIRTEENTH DEFENSE

To the extent Plaintiffs seek monetary damages above the State's insurance policy, such claims are barred by virtue of sovereign immunity, State Constitutional immunity (Article VI, Section 35 of the West Virginia Constitution) and immunity as provided by the 11th Amendment to the United States Constitution.

## FOURTEENTH DEFENSE

To the extent applicable, this Defendant asserts that he was not provided the statutory pre-suit notice as required by W.Va. Code § 55-17-3(a) nor was he otherwise properly served with this complaint in compliance with the provisions of W.Va. Code § 55-17-1, et seq.

## FIFTEENTH DEFENSE

Defendant asserts that Plaintiffs' sole remedy is against another party and not this Defendant, the State Auditor, or the State of West Virginia.

## SIXTEENTH DEFENSE

The Defendant asserts that if the purchaser failed to fulfill the requirements set forth in West Virginia Code § 11A-3-19 , he therefore loses all benefits of the purchase in question and this matter is governed by West Virginia Code §11A-4-1 et seq.

## SEVENTEENTH DEFENSE

The Defendant asserts that the Plaintiffs are not entitled to an award of attorney's fees against him.

## EIGHTEENTH DEFENSE

The Defendant states that punitive damages are not properly pled in this Complaint and that the Plaintiffs are prohibited from recovering punitive damages from him pursuant to West Virginia Code § 55-17-4(3).

## NINETEENTH DEFENSE

The Defendant states that the Plaintiffs do not have standing, and cite no legal authority in their Complaint to support an action against this Defendant in his personal/individual capacity.

**TWENTIETH DEFENSE**

The Defendant reserves the right to amend his Answer and assert additional defenses.

**WHEREFORE**, the Defendant G. Russell Rollyson, Jr., through counsel, prays that the Plaintiffs' First Amended Complaint be dismissed, with prejudice, that all relief prayed for therein be denied, and that the Defendant be awarded his attorney's fees and costs incurred in defending this action, and that he be granted such other and further relief as this Court may deem fit and proper.

**A TRIAL BY JURY IS DEMANDED**

**G. Russell Rollyson, Jr.**

By Counsel,

/s/ David P. Cook, Jr.
David P. Cook, Jr., Esq. (WVSB #9905)
MacCorkle Lavender PLLC
300 Summers Street, Suite 800
Charleston, WV 25332.3283
(304) 344-5600
(304) 344-8141 (Fax)

**IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**THE ESTATE OF IMOGENE RIDENOUR
by executrix Billi Jo Volek and
BILLI JOE VOLEK,**

    **Plaintiffs,**

**v.**              **Civil Action No. 1:20-CV-202
Honorable Judge Keeley**

**G. RUSSELL ROLLYSON, JR.,
Deputy Commissioner of Delinquent
and Nonentered Lands of Marion County, WV,
in his official and personal capacities, and
WONDERFULLY WILD LLC,**

    **Defendants.**

## CERTIFICATE OF SERVICE

   I, David P. Cook, Jr., counsel for Defendant, G. Russell Rollyson, Jr., do hereby certify that on December 1, 2020, I served a true and correct copy of the foregoing **_DEFENDANT G. RUSSELL ROLLYSON, JR.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT_** upon all counsel/parties of record via the Court's electronic filing system and addressed as follows:

Gary M. Smith, Esq.
Mountain State Justice, Inc.
325 Wiley Street
Morgantown, WV 26505
_Counsel for Plaintiffs_

John R. Funkhouser, Esq.
Funkhouser & Smith, PLLC
103 Adams Street, Suite 200
Fairmont, WV 26554
_Counsel for Wonderfully Wild LLC_

/s/ David P. Cook, Jr.
David P. Cook, Jr., Esq. (WVSB #9905)
MacCorkle Lavender PLLC
300 Summers Street, Suite 800
Post Office Box 3283
Charleston, WV 25332.3283
(304) 344-5600
(304) 344-8141 (Fax)